UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-cv-12005

PEOPLE'S UNITED INSURANCE AGENCY, INC.

v.

MICHAEL COX, KELLY COX, ENCORE INSURANCE GROUP, LLC

TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

December 16, 2020

ZOBEL, S.D.J.

This matter comes before the Court on plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. The Court, having considered the Motion and supporting papers, now ALLOWS the Motion.

The Court hereby finds that plaintiff has shown: (1) it is party to an April 6, 2016 Asset Purchase Agreement and Employment Agreement with Defendant Michael L. Cox which, among other things, contain restrictive covenants prohibiting defendant from competing with plaintiff within 100 miles of Raynham, Massachusetts for a period of 5 years following the conclusion of his employment with plaintiff; (2) these restrictive covenants were executed in conjunction with the sale of Defendant Michael Cox's business to plaintiff; (3) these covenants are necessary to protect plaintiff's legitimate business interests and are reasonable and enforceable; and (4) Defendant Michael Cox

1

has repudiated his obligations under these restrictive covenants for purposes of competing with plaintiff, in violation of his covenants.

In light of these showings, plaintiff has demonstrated a likelihood of success on the merits and that irreparable harm will result to plaintiff if defendants are not enjoined, which outweighs any harm to defendants if an injunction is issued. The public interest will not be adversely impacted by the issuance of a short temporary restraining order, until plaintiff's request for preliminary injunctive relief may be more fully addressed by the Court.

Accordingly, IT IS ORDERED, pursuant to Federal Rule of Civil Procedure 65, that defendants Michael L. Cox, Kelly Cox, and Encore Insurance Group, LLC are hereby enjoined from directly or indirectly engaging in any of the following activities, unless and until this order is dissolved or modified by further order:

1. Soliciting, selling, or accepting business related to the sale of insurance policies or related insurance products or services of the kind that: (a) Plaintiff was selling or attempting to sell on behalf of Plaintiff as of November 2, 2020; (b) has sold on behalf of Plaintiff at any time within the three years prior to November 2, 2020; or (c) are otherwise being sold by Plaintiff from [sic] (i) any existing customer of Plaintiff, which was being serviced by Defendant, or any other personnel of Plaintiff under Defendant's direction or supervision, as of November 2, 2020; (ii) any customer which is not a customer as of November 2, 2020 but which was served by Defendant, or other personnel of Plaintiff under Defendant's direction or supervision, within the three years prior to November 2, 2020, or which maintained an insurance policy or insurance related product placed by Defendant, or any other personnel of Plaintiff under Defendant's direction or supervision, within the three years prior to November 2, 2020; or (iii) any active prospect of Plaintiff which, as of November 2, 2020, was presented with a proposal prepared by Plaintiff or was contained on any list or compilation of prospective customers provided to Defendant;

2. Owning, managing, operating, controlling, or being employed by, or otherwise having a financial interest or engaging in a sales capacity in, any company, venture, business or other entity which operates as an independent or captive retail insurance agency business and/or is otherwise engaged in the sale or distribution of insurance products or services in Raynham, Massachusetts, or

any city or town within a one-hundred (100) mile radius of Raynham, Massachusetts, including but not limited to Encore Insurance Group, LLC;

3. Inducing, promoting, facilitating, bringing about, soliciting, quoting rates for, receiving, writing, binding, brokering, transferring, or accepting replacement or renewal insurance coverages or services for any of the Plaintiff's brokers, insureds, customers, or clients (who were brokers, insureds, customers, or clients of Plaintiff at any time during the three years prior to April 6, 2016), including brokers, insureds, customers, or clients of Cox's prior company, Eagle Insurance Group, LLC; or

4. Soliciting or encouraging any employee or consultant of Plaintiff to leave his or her employment with Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall file with the clerk of this Court a security bond in the sum of $50,000.

IT IS FURTHER ORDERED that no later than seven (7) days from the entry of this Order, defendants shall show cause why a preliminary injunction should not issue by filing a response in opposition to plaintiff's Motion.

A hearing on plaintiff's request for a preliminary injunction is scheduled for January 5, 2021 at 11:00 am.

IT IS SO ORDERED.

___December 16, 2020___
DATE

___/s/ Rya W. Zobel___
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE